(26 P.3d 1276)

No. 85,40█

STATE OF KANSAS, *Appellee*,
v. RICHARD B. AIKMAN, *Appellant*.

—

Opinion filed April 13, 2001.

*Keith E. Renner*, of Barnett & Renner, P.A., of Auburn, for appellant.

*Paul S. Gregory*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before KNUDSON, P.J., LEWIS, J., and WARREN M. WILBERT, District Judge, assigned.

WILBERT, J.: Richard B. Aikman appeals after being resentenced for felony possession of marijuana and misdemeanor possession of drug paraphernalia. Initially, Aikman was sentenced to serve 12 months in the county jail for possession of drug paraphernalia, while probation was granted on the felony possession of marijuana charge. Finding the misdemeanor sentence to be oppressive, Aikman appealed both sentences to the Court of Appeals.

A panel of this court vacated Aikman's original sentences in *State v. Aikman*, No. 82,621, unpublished opinion filed December 23, 1999, (*Aikman I*) and remanded to the district court for resentencing. In *Aikman I*, we held the sentencing court's determination that a belt buckle worn by the defendant at sentencing was gang related constituted error. We further held the sentencing court erred in considering unsworn testimony indicating drug usage by the defendant. Upon remand, the sentencing court imposed a harsher sentence: 12 months in prison and a concurrent sentence of 12 months in the county jail. Not surprisingly, the defendant has once again appealed the sentences imposed.

We reverse both sentences and remand for resentencing.

This court has the authority to correct, modify, vacate, or reverse any sentence that may be illegal or an abuse of discretion. K.S.A. 60-2101(a).

Aikman contends he did not originally appeal the sentence imposed for the felony; therefore, the district court was without authority to resentence him on that charge. The notice of appeal filed in the original case appealed the sentence handed down by the district court without specifying which sentence was being appealed. Aikman's brief filed in the original case argued the issue of whether sentencing him to the maximum for the misdemeanor when there was also a felony charge violated the policy underlying K.S.A. 21-4601.

Aikman did not specify in his original notice of appeal which sentence he was appealing, and this court vacated the entire sen-

tence. The district court possessed the authority to resentence on both counts.

Appellate review of a departure sentence is limited to whether the sentencing court's findings of fact and reasons justifying a departure are supported by evidence in the record and constitute substantial and compelling reasons for departure. K.S.A. 21-4721(d). The district court must state on the record the substantial and compelling reasons for departure. K.S.A. 2000 Supp. 21-4716(a). Whether the factors relied upon by the court constitute substantial and compelling reasons for departure is a question of law over which this court exercises unlimited review. *State v. Jackson* 262 Kan. 119, 134, 936 P.2d 761 (1997). "Comments at the time of sentencing, not the written journal entry, govern as to reasons for departure." 262 Kan. at 135.

The district court's comments throughout the sentencing hearing made it clear the reason for the departure was the belt buckle Aikman wore, which the court interpreted to mean he was involved with the Sons of Silence. When asked by Aikman's counsel the reasons for departure, the court stated that the factors were the nature of the crime as a drug case where the original charge involved the sale of marijuana, convictions for drug offenses, and Aikman's apparel indicating involvement in a gang that sells, manufactures, and distributes drugs. When actually sentencing Aikman, the district court stated:

"The Court finds that based upon the evidence presented, the showing the Court of the displaying the gang colors, Sons of Silence, the case law presented, the opportunity to disavow any interest in that particular group, the Court finds that is sufficient basis to depart for a dispositional, not a durational."

In the Journal Entry of Sentencing, the court, in the only passage that discusses departure, states: "[T]he Court states that there was sufficient basis and departure for the Sentence had on December 16, 1998, and no disavowance for the 'Sons of Silence' gang colors." It is clear the district court was relying on Aikman's alleged involvement with this gang as its basis for departure. Previous references at Aikman's original sentencing regarding a positive drug test are not referred to at resentencing. The only logical conclusion that

can be drawn is that the court departed based on Aikman's alleged involvement with the Sons of Silence. A review of the record from the resentencing establishes there is absolutely no evidence to support a finding that Aikman belonged to the Sons of Silence. Merely wearing apparel cannot be interpreted as evidence of membership. Further, evidence of gang membership must be relevant to the issues presented at sentencing. *Dawson v. Delaware*, 503 U.S. 159, 164, 117 L. Ed. 2d 309, 112 S. Ct. 1093 (1992).

We also note that during resentencing, the district court asked Aikman if he would like to make a statement *denying* involvement with the Sons of Silence. Aikman declined.

A sentencing court may not draw an adverse inference from a defendant's silence in determining facts relating to the circumstances and details of the crime. The normal rule in a criminal case is that no negative inference from a defendant's failure to testify is permitted. See *Mitchell v. United States*, 526 U.S. 314, 327-28, 143 L. Ed. 2d 424, 119 S. Ct. 1307 (1999); *Griffin v. California*, 380 U.S. 609, 614, 14 L. Ed. 2d 106, 85 S. Ct. 1229, *reh. denied* 381 U.S. 957 (1965). A sentencing hearing is part of the criminal case, and the concerns mandating the rule against negative inferences at trial apply with equal force at sentencing. This holding is a product not only of *Griffin* but also of the conclusion in *Estelle v. Smith*, 451 U.S. 454, 462, 68 L. 2d 359, 101 S. Ct. 1866 (1981), that there is no basis for distinguishing between the guilt and sentencing phases so far as the protection of the Fifth Amendment privilege is concerned. There can be little doubt that the rule against adverse inferences has become an essential feature of our legal tradition. The Government must prove its allegations while respecting the defendant's individual rights, including the defendant's exercise of rightful silence. See *Mitchell*, 526 US. at 329-30.

From the language of the Journal Entry of Sentencing, we note the district court made a negative inference from Aikman's refusal to disavow affiliation with the Sons of Silence. Under *Mitchell*, this is impermissible.

In the original sentencing, the district court did not even consider departure for the felony conviction. Upon the first sentence being vacated and remanded for resentencing, the district court

announced its intent to depart on the felony, which was presumed probation. The district court's apparent determination to use Aikman's apparel, which the district court assumed demonstrated an affiliation with the Sons of Silence, as a basis for departure when there was no other evidence to support such action illustrates prejudice towards the defendant. The record contains no factors which the district court could have used as a basis for a departure in this case.

Last, Aikman asks this court to consider the appropriate end date for a term of probation. Because of our decision upon the other issues in this appeal, we will leave this determination to the district court upon resentencing.

Aikman's sentences are vacated, and we remand for resentencing by the district court to be consistent with this opinion and our opinion in *Aikman I*.